22-2320-cr
*United States v. Beltran*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                      22-2320-cr

MIGUEL MARTINEZ BELTRAN, a/k/a JULIO MARTINEZ, a/k/a MIGUEL MARTINEZ BELTRAN, a/k/a MARIO MARTINEZ, a/k/a MARIO MARTINEZ BELTRAN,

> *Defendant-Appellant.*

---

FOR APPELLEE: Danielle M. Kudla, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:        Darrell B. Fields, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on September 29, 2022, is **AFFIRMED**.

Defendant-Appellant Miguel Martinez Beltran appeals from a judgment of conviction following his guilty plea to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(1).[1]  Prior to his plea, Beltran moved to dismiss the one-count indictment against him, arguing that the immigration court that ordered his previous removal from the United States lacked jurisdiction to do so because his notice to appear ("NTA") failed to provide:   (1) the address of the immigration court at which it was filed; and (2) the time, place, and date of his initial hearing.   The district court denied his motion, and Beltran entered a conditional plea of guilty, expressly reserving his right to appeal the district court's decision.   The district court sentenced Beltran to time served and this appeal followed.   "We review *de novo* the district court's denial of [a] motion to dismiss the indictment on the basis of a collateral attack on his deportation order . . . ."  *United States v. Lopez*, 445 F.3d 90, 94 (2d Cir. 2006).   In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1] Under Section 1326(a), it is a crime for any individual who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" to thereafter "enter[], attempt[] to enter, or . . . at any time [be] found in, the United States." 8 U.S.C. § 1326(a).   An individual charged with illegal reentry under Section 1326(a) "can defend against this charge by challenging the validity of the deportation order upon which the charge is predicated." *United States v. Calderon*, 391 F.3d 370, 374 (2d Cir. 2004).

The Immigration and Nationality Act ("INA") provides that, to initiate the removal of an individual from the United States, the government must provide that individual with an NTA specifying, *inter alia*, the "time and place at which the [removal] proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). Regulations promulgated under the INA provide that "[j]urisdiction vests . . . when a charging document," such as an NTA, "is filed with the Immigration Court." 8 C.F.R. § 1003.14(a); *see also id.* § 1003.13 (defining "[c]harging document" as "the written instrument which initiates a proceeding before an Immigration Judge," which "[f]or proceedings initiated after April 1, 1997, . . . include[s] a Notice to Appear"). The regulations further require that an NTA include the "address of the Immigration Court where the Service will file the [NTA]," *id.* § 1003.15(b)(6), and the "time, place and date of the initial removal hearing, where practicable," *id.* § 1003.18(b).

On appeal, Beltran argues that the district court erred in denying his motion to dismiss the indictment based on his collateral attack to the validity of his removal order. We disagree.

First, Beltran contends that the immigration court lacked jurisdiction to order his removal because his NTA did not provide the address of the immigration court where it would be filed, as required under 8 C.F.R. § 1003.15(b)(6). In particular, he asserts that an NTA that omits the address-of-filing information is not a proper "charging document" and is therefore insufficient to vest jurisdiction in the immigration court under 8 C.F.R. § 1003.14(a). We rejected this argument in *United States v. Suquilanda*, 116 F.4th 129, 137 (2d Cir. 2024). As we explained, although "it is accurate to characterize an NTA that is missing address-of-filing information as deficient under the agency's own regulations, *an agency's regulations cannot define the subject-matter jurisdiction of Immigration Courts because Congress gave the Attorney General no authority here to adopt rules of jurisdictional dimension.*" *Id.* (emphasis in original) (alteration adopted) (internal quotation

3

marks and citation omitted). We held that, "despite the regrettable use of the word 'jurisdiction' in the regulations in 8 C.F.R. § 1003.14(a), a deficient NTA lacking address-of-filing information does not deprive an Immigration Court of jurisdiction." *Id.* at 138. Accordingly, the omission of the address of filing from Beltran's NTA did not strip the immigration court of jurisdiction over his removal proceedings.

Beltran next argues that the immigration court lacked jurisdiction because his NTA did not provide the time, date, and location of his removal hearing, as is required under 8 U.S.C. § 1229(a)(1)(G)(i). This argument is likewise foreclosed by our precedents. In *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019), we held that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the [individual]."[2] Although *Banegas Gomez* addressed an NTA lacking time and date information, *see id.*, we have repeatedly applied its holding to NTAs lacking location information as well, *see, e.g.*, *Medley v. Garland*, 71 F.4th 35, 40 (2d Cir. 2023) (holding that the petitioner's "argument that the agency lacked jurisdiction over his removal proceedings because the NTA lacked the date, time, and location of his removal hearings [was] foreclosed by our precedent[] in . . . *Banegas Gomez*"); *Ottey v. Barr*, 965 F.3d 84, 96 (2d Cir. 2020) (concluding that the petitioner's argument that the agency lacked jurisdiction over his removal proceedings

---

[2] Beltran argues that our holding in *Banegas Gomez* was based "on the mistaken premise that the immigration court's jurisdiction hinges on the filing of a notice to appear as defined by the regulations (which do not require hearing information *ab initio*) rather than the statute itself (which does)." Appellant's Br. at 20. However, *Banegas Gomez* "is binding authority from which we cannot deviate." *United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022). "It is a longstanding rule that a panel of our Court is bound by the decisions of prior panels until such times as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Id.* (internal quotation marks and citation omitted).

because his NTA "did not specify the time and place for his hearing" was "foreclosed by our decision in *Banegas Gomez*").

Here, Beltran's NTA indicated that the date, time, and location of his initial removal hearing were "TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE." App'x at 75. Beltran was served with the NTA on April 9, 1999.[3] That same day, Beltran received a notice of hearing that specified the date, time, and location of his proceedings. Beltran's NTA was therefore "adequate to vest jurisdiction in the Immigration Court, [because] a notice of hearing specifying this information [was] later sent to [him]." *Banegas Gomez*, 922 F.3d at 112; *see also Suquilanda*, 116 F.4th at 136 (holding that "the Immigration Court did not lack jurisdiction" because "any deficiency in [the defendant's] NTA due to missing hearing information was rectified by the later notice he received providing information about his scheduled hearing").

In sum, because the omission of the address-of-filing information is a non-jurisdictional defect, and the omission of the date, time, and location of his removal proceedings was cured by a subsequent notice, the immigration court that ordered Beltran's prior removal had jurisdiction to do so, notwithstanding the defects in his NTA. *See Suquilanda*, 116 F.4th at 137–38. Therefore, the district court correctly concluded that Beltran's collateral attack on the removal order fails as a matter of law and properly denied his motion to dismiss the indictment on that ground.[4]

---

[3] The NTA was dated April 5, 1999, but was both served on Beltran and received by the immigration court on April 9, 1999.

[4] The government also argues that Beltran has not satisfied the threshold requirements of Section 1326(d), which provides that a defendant charged with illegal reentry "may not challenge the validity of the [underlying] deportation order . . . unless the [defendant] demonstrates that": (1) "[he] exhausted any administrative remedies that may have been available to seek relief against the order"; (2) "the deportation proceedings at which the order was issued improperly deprived the [defendant] of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Beltran asserts

\*             \*             \*

We have considered Beltran's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

that he need not satisfy Section 1326(d)'s requirements because his "removal order was a nullity; hence there was no order to collaterally attack," and "[i]n any event, [he] did not knowingly and intelligently waive an agency appeal of the jurisdictional issue." Appellant's Br. at 32–33. We need not address this issue under Section 1326(d) because we have concluded, in any event, that Beltran's collateral attack on his removal order fails on the merits.